UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNICOLORS, INC.,

Plaintiff,

v.

COLON MANUFACTURING, INC., et al.,

Defendants.

Case No. CV 13-5726 SVW

**ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT** [25]

## I. INTRODUCTION

On August 7, 2013, Plaintiff Unicolors, Inc. filed a Complaint against defendants Colon Manufacturing, Inc. and Going Out, Inc., for federal copyright infringement under 17 U.S.C. § 101 *et seq.* Going Out filed an Answer on August 26, 2013, but Colon has not filed an answer or any other pleading. Plaintiff subsequently requested entry of default against defendant Colon, which the Clerk entered on September 30, 2013. This order addresses only defendant Colon ("Defendant").

On January 3, 2014, Plaintiff filed the instant motion for default judgment against Defendant, seeking statutory damages and attorneys' fees and costs. Defendant has not responded. Having reviewed the complaint and the motion, and

in view of Defendant's failure to appear, the Court finds the motion suitable for determination without oral argument. Fed. R. Civ. P. 78(b); Local Rule 7-15. Accordingly, the hearing previously set for February 3, 2014, is hereby VACATED.

**II. FACTS & PROCEDURAL HISTORY**

Plaintiff is a Los Angeles-based textile converter involved in creating and purchasing the exclusive rights to two-dimensional works of art. (Pazirandeh Decl. ¶ 3). Unicolors owns the copyright to the design ("Design"). (Exhibit 1). Unicolors formatted the Design onto textile and negotiated sales of textile bearing the copyrighted design for profit. (Compl. ¶ 12-13).

Plaintiff alleges that Defendant copied Plaintiff's copyrighted design. (Applic. for Default J. at 1.) The Defendant in this case created, sold, manufactured, caused to be manufactured, imported, or distributed fabric or garments bearing Plaintiff's proprietary, registered textile Design. (Compl. ¶ 13).

Plaintiff alleges that Defendant is aware of this action and Colon has refused to defend itself in the action. (Applic. for Default J. at 1.) Due to Colon's refusal to cooperate in the proceedings, Unicolors is unable to determine the extent of Colon's copyright infringement and any attempts to do so have been prevented by Colon's refusal to cooperate. (*Id.*)

Based on these allegations, Plaintiff requests statutory damages under 17 U.S.C. § 504(c) and attorneys' fees under 17 U.S.C. § 505.

**III. LEGAL STANDARD**

Before a Court may rule on an application for default judgment, it first must determine whether the motion complies with Rule 55 of the Federal Rules of Civil Procedure and Local Rule 55-1. *See PepsiCo., Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). The motion must set forth: (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent

person, and if so, whether that person is adequately represented; (4) that the Solders' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice of the application has been served on the defaulting party, if required. *Id.*; *see also Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 919 n.19 (C.D. Cal. 2010) (holding that service on defaulting party is required only if the party has appeared in the action).

Once these procedural requirements are met, "[g]ranting or denying a motion for default judgment is a matter within the court's discretion." *Landstar*, 725 F. Supp. 2d at 919. Entry of default does not automatically entitle the non-defaulting party to a court-ordered judgment. *See PepsiCo*, 238 F. Supp. 2d at 1174. In fact, default judgments are ordinarily disfavored. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). The Ninth Circuit has instructed courts to consider the following factors in deciding whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

Upon entry of default, the well-pleaded allegations of the complaint, except those concerning damages, are deemed true. Fed. R. Civ. P. 8(b)(6). The court, however, must assure itself that "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Landstar*, 725 F. Supp. 2d at 920. Further, the Plaintiff must provide evidence of its damages, and the damages sought must not be different in kind or exceed the amount demanded in the pleadings. Fed. R. Civ. P. 54(c).

**IV. PROCEDURAL REQUIREMENTS**

Plaintiff has satisfied the procedural requirements for default judgment

under Local Rule 55-1. Plaintiff avers that (1) the request for default on the complaint was entered against defendant on September 30, 2013; (2) Defendant is a California corporation and, therefore, not a minor, incompetent person, soldier in military service, or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940; and (3) notice of the application for default judgment was served on Defendant on January 3, 2014 by mail.

## V. APPLICATION OF *EITEL* FACTORS

### A. Possibility of Prejudice to Plaintiff

Plaintiff would suffer prejudice if default judgment is not entered because plaintiff would be without other recourse. Defendant's failure to respond to Plaintiff's August 7, 2013 Complaint has already delayed relief to Plaintiff by six months. If a default judgment is not entered, Plaintiff will continue to suffer harm from Defendant's continued violation of Plaintiff's copyright. Therefore, this factor weighs in favor of granting default judgment.

### B. Merits of Plaintiff's Claim & Sufficiency of Complaint

Upon entry of default, all well-pleaded facts in the complaint are taken as true except those relating to damages. To prevail on its copyright infringement claim, plaintiff must prove two elements: "(1) ownership of a valid copyright and (2) copying of constituent elements of the works that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Plaintiff's Amended Complaint properly alleges the two elements. It sets forth Plaintiff's ownership of the copyright registration covering the design and contends Defendant copied constituent elements of the design. (Compl. ¶ 14 & Ex. 1). The Complaint includes a depiction of Plaintiff's copyrighted design juxtaposed with Defendant's infringing design. (*Id.* at 5.) This shows that the original design and the infringing design contain substantially similar elements. (*Id.*) Colon's unauthorized reproductions of Unicolor's copyrighted design and the importation, sale, or distribution of fabric or garments depicting Unicolor's design

without authorization is a violation of Unicolor's copyright.

**C. Amount of Money at Stake**

Under the fourth *Eitel* factor, the Court must consider the amount of money at stake in relation to the seriousness of defendant's conduct. Here, Plaintiff is seeking statutory damages. Under 17 U.S.C. § 504(c)(1), a copyright owner may elect an award of statutory damages, as opposed to actual damages and profits, in a "sum not less than $750 or more than $30,000." However, in cases where the copyright owner proves willful infringement, the plaintiff may collect an award of statutory damages up to $150,000. 17 U.S.C. § 504(c)(2). "Willful" means "knowledge that the defendant's conduct constitutes copyright infringement." *Columbia Pictures Television v. Krypton Board of Birmingham, Inc.*, 106 F.3d 284, 293 (9th Cir. 1997).

Neither the amount at stake nor the gravity of Defendant's conduct is dispositive; instead, the courts balance both to determine if granting the motion would be unfair. *See Philip Morris U.S.A. Inc. v. Castworld Prods. Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003). Here, Plaintiff is seeking $30,000 in statutory damages. (Applic. for Default J. at 10). Given the Defendant's unauthorized use of Plaintiff's copyrighted material and the Defendant's refusal to participate in this litigation, it would not be unfair to grant judgment in this amount.

**D. Possibility of Dispute Over Material Facts**

Defendant has not filed an answer in response to Plaintiff's Complaint, so no dispute concerning material facts has arisen. As the Clerk of Court has already entered default, the Court takes all well-pleaded facts, except those pertaining to damages, as true. *TeleVideo Systems Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Additionally, the evidence Plaintiff submitted in support of its application for default judgment supports Plaintiff's account of events. Therefore, this factor weighs in favor of granting default judgment.

**E. Whether Default was Due to Excusable Neglect**

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (citation and internal quotation marks omitted). There is no evidence that defendant's failure to answer was anything but intentional. Plaintiff filed its Complaint on August 7, 2013 and served Defendant on August 20, 2013. (Dkt 1, 10). Notice of application for default judgment was served on defendant on January 3, 2014. (Dkt 25). Defendant has entirely failed to respond. This factor weighs in favor of granting default judgment.

**F. Policy Favoring Decisions on the Merits**

The policy favoring resolution of the case on the merits always weighs against default judgment. But "Defendant's failure to answer Plaintiff's Complaint makes decision on the merits impractical, if not impossible." *PepsiCo.*, 238 F. Supp. 2d at 1177.

The *Eitel* factors, on balance, weigh in favor of default judgment.

**VI. REQUESTED RELIEF**

Based on Defendant's infringement of the design, Plaintiff is seeking statutory damages and reasonable attorney's fees. In determining the validity of a plaintiff's requested damages, the court may rely upon the plaintiff's declarations or require an evidentiary hearing. Fed. R. Civ. P. 54(b)(2); *see also Castworld Prods.*, 219 F.R.D. at 498. In establishing damages, a plaintiff bears the burden of proving all damages that are sought, but the proof required is "relatively lenient." *Id.*

**A. Statutory Damages**

Under § 504(c), a plaintiff may recover statutory damages for actions involving copyright infringement. 17 U.S.C. § 504(c). The statute permits a court to award damages of not less than $750 but not more than $30,000 for non-willful

infringement, and up to $150,000 for willful copyright infringement. *Id.* Here, Plaintiff has requested $30,000 in statutory damages.

Factors which a court may consider in calculating an award of statutory damages include:(1) the expenses saved and profits reaped by the defendant in connection with the infringements; (2) the revenues lost by the plaintiff as a result of the defendant's conduct; (3) the infringer's state of mind—whether willful, knowing, or merely innocent; (4) the value of the copyright;(5) the deterrent effect on others besides the defendant;(6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant." *In re Mann*, 410 B.R. 43, 48-49 (Bankr. C.D. Cal. 2009).

Several of these factors weigh in favor of awarding $30,000 in statutory damages. First, Defendant has not cooperated, making it impossible for Plaintiff to ascertain an exact accounting on profits made as a result of the copyright infringement. Second, the Court infers that defendant's infringement was willful from its failure to appear in this action. *See, e.g., Tiffany (NJ) Inc. v. Luban*, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003). Third, the Plaintiff's requested amount of statutory damages will serve as an effective deterrent for unauthorized use of Plaintiff's copyright. The Court finds $30,000 an appropriate amount to compensate Plaintiff for lost profits and deter others from infringing upon Plaintiff's copyrighted design.

**B. Attorneys' Fees & Costs**

Pursuant to 17 U.S.C. § 505, the court may allow the prevailing party to recover full costs and reasonable attorney's fees. Cases involving willful infringement merit an award of attorney's fees. *Castworld Prod., Inc.*, 219 F.R.D. at 502. Plaintiff has provided evidentiary support for its request for $2,562.50 in attorneys' fees and $56.00 in costs. (Applic. for Default J. at 10). Since this is close to the amount permitted by Local Rule 55-3, the Court finds it reasonable.

## VII. ORDER

For the reasons set forth above, Plaintiff's application for default judgment against defendant is hereby GRANTED.

Judgment shall be entered for Plaintiff Unicolors, Inc.. and against Defendant Colon Manufacturing, Inc. in the amount of $32,618.50 ($30,000 in statutory damages plus fees and costs of $2,618.50).

IT IS SO ORDERED.

Dated: January 28, 2014

STEPHEN V. WILSON
United States District Judge